CAMPBELL *v.* CITY OF NEW YORK.

(*Circuit Court, S. D. New York.* May 22, 1888.)

EQUITY—PLEADING—SUPPLEMENTAL BILL.

> Where the complainant in an original bill has, since bringing the suit, parted with his whole interest in the subject-matter, and those for whom he was trustee have transferred their whole interest in the subject-matter to A, and the title to any sum of money which may be recovered in the suit has by these transfers become vested in A., the remedy of A. is by an original bill in the nature of a supplemental bill, and not by a supplemental bill.

In Equity. On demurrer to supplemental bill. For hearing on pleas to supplemental bill, see 33 Fed. Rep. 795.

*James B. Lockwood,* (*Marcus P. Norton,* of counsel,) for complainant.

*Henry D. Hadlock,* for Philbrook.

*George Bliss* and *Sherman M. Rogers,* for Green and Murphy.

WALLACE, J. The theory upon which this supplemental bill proceeds is that Campbell, the complainant in the original bill, since bringing the suit, has parted with his whole interest in the subject-matter, and that those for whom Campbell was trustee have transferred their whole interest in the subject-matter to Philbrook, or to Philbrook and Knibbs, and that the title to any sum of money which may be recovered in the suit has by these transfers become vested in Philbrook, or in Philbrook and Knibbs. Upon such a state of facts the remedy of Philbrook is by an original bill in the nature of a supplemental bill, and not by a supplemental bill. This was distinctly stated in the opinion announced upon the hearing of the motion in which Philbrook applied for leave to be made a co-complainant. Although the distinction between supplemental bills and original bills seems to rest upon purely artificial reasons, it is well recognized, and is attended in practice with consequences which affect the substantial rights of parties. If the *cestuis que trust* had not transferred all their interest in the subject-matter, and there had been simply a change of trustees by operation at law, or if there had been only a partial alienation of the title of Campbell, a supplemental bill might lie. As it is, the demurrer must be sustained. Mitf. Eq. Pl. 65, 98; 1 Barb. Ch. Pr. 66, 84; Story, Eq. Pl. 349; *Tappan v. Smith,* 5 Bis. 73. The third ground of objection assigned in the demurrer sufficiently raises the point.