WALTER BAKER & CO., Limited, v. BAKER.

(Circuit Court, W. D. Virginia. October 31, 1898.)

EQUITY—SUBSTITUTION OF PARTIES—ASSIGNMENT OF INTEREST PENDING SUIT.
The assignee of a claim for damages for the infringement of a trade-mark pending a suit by the assignor against the infringer, in which an injunction has been granted and a decree entered for an accounting, may have the benefit of the prior litigation, and be substituted as complainant in the existing suit, by filing an original bill therein in the nature of a supplemental bill.

This is an original bill in the nature of a supplemental bill, filed by Walter Baker & Co., Limited, a new corporation, as assignee of the original complainant, Walter Baker & Co., Limited. To such bill the defendant demurs.

Russell & Putnam and G. G. Grattan, for complainant.
Barton & Boyd, for defendant.

PAUL, District Judge. This cause now comes on to be heard upon demurrer filed by the defendant to an original bill, in the nature of a supplemental bill, filed by Walter Baker & Co., Limited. This bill is filed by a corporation created by an act of the legislature of the state of Massachusetts approved March 1, 1898. The corporation name of this company is the same as that of the plaintiff in the proceedings heretofore had in this cause, and is now designated in the pleadings and the briefs of counsel as the "New Company," while the original plaintiff corporation is styled the "Old Company"; and these designations will be observed by the court in the discussion of the questions before it. This suit was instituted against the defendant, W. H. Baker, to restrain unfair competition in trade; and a decree was entered September 11, 1896, sustaining the material allegations of the bill, and restraining the defendant from using his own name, trade-marks, labels, packages, and other designations in such way as to injure the plaintiff in its business of manufacturing and selling chocolate. 77 Fed. 181. On the 20th day of July, 1897, a decree was entered directing an account of profits made by the defendant. Pending the execution by the master of the decree of reference, Walter Baker & Co., Limited (the Old Company), on the 2d of March, 1898, assigned to Walter Baker & Co., Limited (the New Company), all of its property and business connected with the manufacture of chocolate, together with all claims for damages of whatever nature, "and all other claims whatsoever against any person or persons on account of imitations and simulations of said trade-marks, labels, packages, brands, or trade-names." The bill prays that the complainant may be substituted for and stand in the place of Walter Baker & Co., Limited, the complainant in the original suit, and that it may have the benefit of said suit, and of the orders, decrees, and proceedings therein, and that its bill be taken as supplemental to said original bill, and that the complainant be granted the relief prayed for in said bill in all respects as though the original bill had been brought by the complainant.

The grounds of demurrer assigned are substantially as follows: (1) That the bill contains no ground for equitable relief; (2) that the

89 F.—43

complainant, as the assignee of the Old Company, has all the rights and interest in the property that could pass by assignment, and that all the litigation touching the rights of the assignor was finally decided and passed on prior to the assignment to the complainant, who, as a pendente lite purchaser, took the same subject to all the equities of his assignor, and is entitled to no relief in this cause, or to be a party to the same; (3) that, as to any matter not yet finally passed on in this cause which was incidental to the right of action of the assignor (the Old Company), the right to assert the same was personal to said assignor, and a subject of jurisdiction in equity, incidental only to the assertion and to the person asserting a right to other and distinct relief in equity; (4) that if the complainant has, by the assignment set up in his bill, any claim for damages, he has a full, adequate, and complete remedy at law, and therefore has no standing in this suit or in any suit in equity against the defendant. The contention of the defendant, briefly stated, is that the complainant, the New Company, in the original bill, in the nature of a supplemental bill, in seeking to assert its claim to the profits or damages accruing to it by the assignment of the Old Company, has a plain and adequate remedy at law; that it cannot be made a party in the equity suit in which its assignor is plaintiff. It is admitted that the Old Company, as incidental to its equitable remedy by injunction to prevent unfair competition in trade, has a right to recover damages in the shape of profits realized by the defendant by his wrongdoing. But it is insisted by the defendant that in a cause like this, where the injunction has been awarded and a decree for an account of profits entered, that an assignment of the damages or profits does not invest the assignee with the right to have the damages ascertained in the suit in equity, and their payment enforced for his benefit. It is contended that he has a plain, adequate, and complete remedy at law, and for this reason has no right to invoke the aid of a court of equity in the pending suit.

A leading decision relied on by counsel for the defendant is that of Root v. Railway Co., 105 U. S. 189. This was a suit in equity, brought by the assignee of letters patent after they had expired, charging that the defendant had, during the term of the letters patent, infringed them, by using the patented invention, and had thereby realized gains and profits for which he should be compelled to account. There was no prayer for an injunction, nor was any other ground for an equitable jurisdiction shown. The only object of the bill was to recover profits and damages on account of an infringement of the patent. The bill was dismissed, because it showed no equitable ground that would give the court jurisdiction, and it did not appear that the complainant had not a complete remedy at law for the damages alleged. The court said:

"Our conclusion is that a bill in equity for a naked account of profits and damages against the infringer of a patent cannot be sustained; that such relief ordinarily is incidental to some other equity, the right to enforce which secures to the patentee his standing in court; that the most general ground for equitable interposition is to insure to the patentee the enjoyment of his specific right by injunction against the continuance of the infringement."

Another leading case urged in argument by counsel for the defendant is that of Hayward v. Andrews, 106 U. S. 672, 1 Sup. Ct. 544. The

conclusion of the court in this case is but a reiteration of the doctrine laid down in Root v. Railway Co., supra.

Electrical Works v. Henzel, 48 Fed. 375, another case cited in favor of the defendant, rests upon the principle announced in Root v. Railway Co., supra. In that case the injunction was prayed for and granted, and there was a decree for an accounting.

The cases relied on by counsel for the defendant are cases where the assignee had instituted original proceedings in equity to recover profits or damages for the infringement of some protected right. The distinction between this class of cases and the case at bar is very clearly marked. The cause in hand presents this well-defined question: Can the assignee of a claim for damages made in a pending suit have that claim enforced for his benefit, by his filing an original bill, in the nature of a supplemental bill, in the existing suit? If this question be answered in the negative, then this suit must abate. The Old Company, having parted with all its interest therein, has no right to carry the litigation further. The assignee of the claim for damages must be denied admission as a party in this suit, and be required to seek the enforcement of his claim in a court of law.

Counsel for the defendant insist that the equity upon which the ancillary relief depends was eliminated by the decree granting an injunction, and by the decree for an account; that while the assignor might have carried on the suit to a final determination of all the questions involved, even to a recovery of damages in the way of profits, that the assignee of the claim for damages takes only a naked chose in action, and cannot have the benefit of the previous litigation, or be permitted to come into the cause without the introduction of some new equity on his part. To admit the correctness of this contention would be to contravene the well-established principle that a court of equity, having once acquired jurisdiction of a cause, retains it until all questions for its determination have been finally settled, and to this end permits such amendments and additional pleadings as may be necessary. That an assignee of an interest in a pending suit in equity is entitled to the benefit of prior proceedings had in such suit is established by numerous decisions. That he has a right to file an original bill in the nature of a supplemental bill is equally clear.

The doctrine is thus stated in 2 Daniell, Ch. Prac. (6th Am. Ed.) p. 1518:

"Where a sole plaintiff suing in his own right was deprived of his whole right in the matters in question by an event subsequent to the institution of the suit, as where a plaintiff assigned his whole interest to another, the plaintiff was no longer able to prosecute for want of interest; and, his assignee claiming by a title which might be litigated, the benefit of the proceedings could not be obtained by means of a supplemental bill, but was sought by what was called an original bill in the nature of a supplemental bill."

Ross v. City of Ft. Wayne, 11 C. C. A. 288, 63 Fed. 466, decided by the circuit court of appeals, Seventh circuit, was a suit brought to restrain the infringement of a patent, and to recover damages therefor. Pending the suit, and after the expiration of the patent, the complainant assigned his rights under the patent; and it was held that the assignee was entitled to be substituted as complainant, and to file an

original bill in the nature of a supplemental bill. In the court below, a demurrer to the bill was sustained, on the ground that the complainant had an adequate remedy at law. The appellate court reversed this holding. Woods, J., delivering the opinion of the court, said:

"The serious consequences of such a restriction upon the right of a complainant to sell his interest in the subject-matter of litigation, and to have the purchaser substituted as complainant, are obvious. In every such instance, an assignment by a sole complainant, or by all of the complainants, to a stranger, would be followed, necessarily, by a dismissal of the suit at the complainant's costs. If in a federal court, and the jurisdiction dependent on citizenship, the assignee might be compelled to go with his case at law into a state court; and if, pending the suit in equity, the right of action at law should have become barred by the lapse of time, the complainant, whatever his original equities, might as well abandon his case as attempt a transfer, which could benefit no one but his adversary in litigation."

Root v. Woolworth, 150 U. S. 401, 14 Sup. Ct. 136, is a leading and controlling case on the question of the right of an assignee to have the benefit of the proceedings in a suit in equity, prior to his acquiring an interest in the subject-matter of the suit. Morton brought a suit in equity, in the circuit court of Nebraska, against Root, to establish his title to certain real estate. A decree was entered establishing the title of Morton, and the land was conveyed to him by a master. The entire interest of Morton, by mesne conveyance, came to Woolworth. Root re-entered on the property, and Woolworth filed a supplemental and ancillary bill in the original cause, praying the enforcement, for his benefit, of the decree in favor of Morton. The defendant demurred to the bill. Among other grounds of demurrer assigned were that the bill was a proceeding in a court of equity in the nature of an ejectment bill, and because the complainant had a speedy and adequate remedy at law. The demurrer was overruled by the court below, and its action was sustained by the supreme court. On this point, Justice Jackson, delivering the opinion of the court, said:

"If the bill in the present cause could be properly considered as an ejectment bill, the objection taken thereto by the defendant would be fatal to the proceedings; but, instead of being a bill of this character, it is clearly a supplemental and ancillary bill, such as the court had jurisdiction to entertain."

In Hazleton Tripod-Boiler Co. v. Citizens' St. Ry. Co., 72 Fed. 325, it was held by Hammond, J., that one purchasing a contract which is the subject of a pending suit in equity may set up his interest, and obtain the benefit of the proceedings already had, by obtaining leave to file an original bill, in the nature of a supplemental bill.

This is the appropriate form of pleading in such a case, and leave to file such a bill cannot be denied, even after final hearing and the direction of a decree in favor of the original complainant. Other decisions of federal courts to the same effect might readily be cited, but a reference to further authorities on this subject is unnecessary. The demurrer will be overruled.