CURTIS DAVIS & CO. et al. v. SMITH.

(Circuit Court, D. Connecticut. January 14, 1901.)

No. 992.

EQUITY PLEADING—SUPPLEMENTAL BILL—WHEN PROPER.

Where, pending a suit in equity for infringement of a trade-mark, complainant sold its business, good will, and trade-marks to another, but did not convey its right to recover for past infringement, it parted with only a part of its interest in the suit, and the court, having acquired jurisdiction, will retain it to dispose of all the questions involved, and will permit the filing of a supplemental bill to bring the grantee before it as a party complainant.

In Equity.

Archibald Cox, for complainants.
Donald G. Perkins, for defendant.

TOWNSEND, District Judge. The complainant corporation, Curtis Davis & Co., having brought a bill for infringement of its trademark "Welcome," in connection with the sale of soap, and during the pendency of said suit having sold its business, good will, trademarks, and plant to the corporation of Lever Bros., Limited, the two corporations have joined in a petition for leave to file a supplemental bill bringing Lever Bros. before the court as a party complainant.

The demurrer, inter alia, alleges as follows:

"(1) It is alleged and appears in said supplemental bill that Curtis Davis & Co., the original complainant, pending the original bill, have parted with all the business, property, trade-marks, and trade-names described in said original bill, and to protect which relief in equity by injunction was sought in this court by said original bill, and upon the facts set forth in said supplemental bill neither said Curtis Davis & Co., nor said Lever Bros., Limited, Boston Works, is entitled, nor are they jointly entitled, to the relief sought, or to maintain said supplemental bill, and said Curtis Davis & Co. are not entitled, upon the facts therein stated, to the equitable relief therein sought, and have adequate remedy at law; and all the facts constituting, and necessary to constitute, the cause for which said Lever Bros., Limited, Boston Works, seek to maintain said supplemental bill against this defendant, are not stated and set forth in the same as the same should be stated and set forth in an original bill, or an original bill in the nature of a supplemental bill."

Defendant contends that the vendee, Lever Bros., may file an original bill in the nature of a supplemental bill, but that the original complainant, having parted with its whole interest in the trade-mark and trade-name, cannot maintain such a bill, or be a party to it, and that it has an adequate remedy at law in an action for damages for infringement, but cannot ask in equity for an accounting.

This bill is filed in accordance with the following provisions of equity rule 57:

"Whenever any suit in equity shall become defective from any event happening after the filing of the bill (as, for example, by change of interest in the parties), or for any other reason a supplemental bill, or a bill in the nature of a supplemental bill, may be necessary to be filed in the cause, leave to file the same may be granted by any judge of the court on any rule day upon proper cause shown and due notice to the other party."

It appears from the allegations of the petition and proposed supplemental bill that Curtis Davis & Co. have not transferred all their interest in the subject-matter of the suit, and that they are still entitled to recover profits prior to the assignment. In these circumstances, a court of equity, having once acquired jurisdiction, will retain it until the questions involved in the suit have been determined. The assignee of an interest in such a suit is entitled to the benefit of the prior proceedings therein.

The distinction between a supplemental bill and an original bill in the nature of a supplemental bill is stated by Judge Wallace in Campbell v. City of New York (C. C.) 35 Fed. 14, as follows:

"Although the distinction between supplemental bills and original bills seems to rest upon purely artificial reasons, it is well recognized, and is attended in practice with consequences which affect the substantial rights of parties. If the cestuis que trustent had not transferred all their interest in the subject-matter, and there had been simply a change of trustees by

operation of law, or if there had been only a partial alienation of the title of Campbell, a supplemental bill might lie. As it is, the demurrer must be sustained."

In Daniell's Chancery Practice it is said:

"If, after a suit was instituted, any circumstance occurred which, without abating the suit, occasioned an alteration in the interest of any of the parties, or rendered it necessary that new parties should be brought before the court, the proper method of doing it was by supplemental bill. * * * If a plaintiff, suing in his own right, made such an alienation of his property as to render the alienee a necessary party to the suit, but not at the same time to deprive himself of all right in the question, he brought the alienee before the court by supplemental bill." Daniell, Ch. Prac. (5th Am. Ed.) 1515, 1516.

See, also, Walter Baker & Co. v. Baker (C. C.) 89 Fed. 673, and cases cited. The demurrer is overruled.